Mr. Michael A. Rider Glades County Attorney Post Office Box 608 Lake Placid, Florida 33852
Dear Mr. Rider:
You have asked substantially the following questions:
 1. May an employee, paid by Glades County, perform work for a municipal service benefit unit created to provide county-wide ambulance services?
 2. May the Glades County Board of County Commissioners purchase an ambulance or other piece of equipment for use by the municipal service benefit unit?
 3. May the county commission make a direct cash contribution to the municipal service benefit unit from the county's general fund?
In sum, I am of the following opinion:
 Glades County may "share" a county-paid employee with the municipal service benefit unit, provide an ambulance or other equipment, or make a direct cash contribution to the unit if such provisions are determined to serve a valid county purpose.
You state that the Glades County Commission created by ordinance a municipal service benefit unit (MSBU) to provide ambulance service to the unincorporated areas of Glades County and in the City of Moore Haven. Revenues for the unit come from special assessments against each residence and business in Glades County. These revenues, however, are insufficient to fully fund the ambulance service, resulting in the county commission wishing to supplement the MSBU's budget.
To the extent not inconsistent with general or special laws, counties are authorized to provide ambulance service.[1]
Pursuant to s. 125.01(5), F.S. (1988 Supp.), the governing boards of counties, to the extent not inconsistent with general or special law, may also create special districts to include both incorporated and unincorporated areas, subject to the approval of the governing body of the incorporated area affected, within which may be provided municipal services and facilities from funds derived from service charges, special assessments, or taxes within such district only.[2]
Thus, Glades County has the authority to provide ambulance service and may create special districts to provide such service. The question arises, however, whether the services provided by the MSBU may be funded only by the revenues from the service charges, special assessments or taxes collected from within the district or may be supplemented with county funds.
In State v. Sarasota County,[3] The Supreme Court of Florida considered whether the creation of a special taxing district pursuant to s. 125.01, F.S., precluded the county from using its general financing power to finance a bond issue which would exclusively benefit the special district. The Court concluded that the creation of a special taxing district provides the county an additional method of financing and does not otherwise limit the general financing authority of the county. Recognizing that the purpose of Ch. 125, F.S., is to allow counties to designate a limited geographic area as a special taxing district and permit that area to pay for its own improvements, the Court found that "[o]nce a special taxing district is created, . . . counties are not required to finance construction of capital improvements exclusively through the enabling legislation."[4] The Court noted further that limiting a county to financing only through the special district created pursuant to Ch. 125, F.S., would hinder the orderly development of county services.
Thus, it appears under the rationale of State v. Sarasota County that counties may financially assist special districts providing services which benefit all of the county. Whether such an expenditure serves a county purpose, however, is a determination which the governing body of the county must make.[5]
Based upon the foregoing, it is my opinion that Glades County, making the appropriate legislative determinations as to the purpose of the project and the benefits accruing to the county, may financially assist the special district created to provide county-wide ambulance service.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 125.01(1)(e), F.S. (1988 Supp.).
[2] While you describe the entity providing ambulance services as an MSBU, its governing board consists of the Glades County Commission and two commissioners from the City of Moore Haven selected by the city commission. This configuration appears to be that of a special district created pursuant to s. 125.01(5), F.S. (1988 Supp.), rather than an MSBU where s. 125.01(2), F.S. (1988 Supp.), provides that the governing board consists of only the county commission.
[3] 372 So.2d 1115 (Fla. 1979).
[4] Id. at 1117
[5] See, AGO 83-5 (legislative judgment of the county commission whether to expend funds for a specific project, based upon appropriate legislative findings as to the purpose of the project and the benefits accruing to the county; such legislative functions and determinations cannot be delegated to the Attorney General).